**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SEVERINO R. RODRIGUEZ,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>                Defendant. | Case No. 07-CV-688-CVE-FHM |

## **REPORT AND RECOMMENDATION**

Plaintiff, Severino R. Rodriguez, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation. *See* 28 U.S.C. § 636(b).

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's February 28, 2005, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held January 22, 2007. By decision dated May 22, 2007, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 28, 2007. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 49 years old at the time of the hearing. He has a high school education and formerly worked as order puller, sales clerk, receiver, stock clerk, warehouse worker and heavy machine operator. He claims to have been unable to work since June 19, 2004, as a result of a history of seizures, a crush injury to the left foot in July 2006, and bilateral knee injury. The ALJ determined that Plaintiff has the residual functional capacity (RFC) to occasionally lift and/or carry 10 pounds and frequently lift and/or carry up to 10 pounds; stand and/or walk for at least 2 hours out of an 8-hour workday with normal breaks and sit at least 6 hours in an 8-hour workday with normal breaks, with the need to avoid hazards such as heights and open machinery. [R. 19]. Although Plaintiff is precluded from performing his past relevant work with these limitations, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: failed to properly evaluate the opinion

of treating surgeon Dr. Tanner; failed to include all of Plaintiff's restrictions in the RFC finding; and failed to properly analyze the existence of transferable skills. The undersigned concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence.

## Time Period Under Consideration

Plaintiff alleges disability beginning June 19, 2004. However, the ALJ found that from March 2005 through January 2006 Plaintiff performed substantial gainful activity by working translating Spanish to English. [R. 18]. Plaintiff does not challenge that finding. The period of time from the alleged onset of disability, June 19, 2004, to the start of Plaintiff's employment as a translator, March 2005, is not twelve months. Since disability is defined as the inability to engage in any substantial gainful activity for a continuous period of not less than 12 months, 20 C.F.R. § 404.1505(a). Plaintiff did not meet the definition for disability from June 19, 2004 through January 2006. Therefore the period under consideration is January 2006 through the date of the ALJ's decision, May 2007.

## Treating Physician's Opinion

Dr. Tanner performed surgery on Plaintiff's right knee in June 2004 and on his left knee in November 2004. The ALJ noted that on February 1, 2005, Dr. Tanner stated that Plaintiff was restricted from squatting, kneeling, climbing ladders, and twisting the left knee. [R. 21, 140]. Plaintiff argues that the case must be reversed because Dr. Tanner stated that the restrictions are permanent in nature and the ALJ failed to include those restrictions in his RFC finding.

It is true that the ALJ did not include Dr. Tanner's restrictions in the RFC and that he did not provide any reason for failing to do so. However, the vocational expert was instructed to advise the ALJ if his testimony varied from the Dictionary of Occupational Titles(DOT). [R. 294]. There is no indication that the vocational expert's testimony is not consistent with the DOT. The DOT provides that the tasks of climbing, balancing, stooping, kneeling, crouching and crawling are activities that do not exist for the telephone solicitor job identified by the vocational expert as one that could be performed with the restrictions in the RFC. DICOT 229.357-014, 1991 WL 672624. Since the activities included in Dr. Tanner's restrictions do not exist for the telephone solicitor job, the ALJ's inclusion of them in the RFC would not have changed the outcome of the case at all. Therefore the undersigned can confidently say that as far as Dr. Tanner's restrictions against squatting, kneeling, climbing ladders, and twisting the left knee are concerned, no reasonable administrative factfinder, including those restrictions in the RFC, could have resolved the question of Plaintiff's ability to work in any other way. *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)(the court may apply harmless error principles where the court can confidently say that no administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way).

### Residual Functional Capacity Finding

Plaintiff argues that, in addition to Dr. Tanner's restrictions against squatting, kneeling, climbing ladders, and twisting the left knee, the ALJ erred by failing to include in the RFC or the hypothetical question any limitations "related to ambulation or the need to use a cane." [Dkt. 14, p. 8]. *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 1991) provides that "testimony elicited by hypothetical questions that do not relate with precision

4

all the claimants' impairments cannot constitute substantial evidence to support the [Commissioner's] decision." However, in posing a hypothetical question, an ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ. See *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990).

The ALJ fully explained why he did not include the limitation of using an assistive devise in the RFC:

> As for the opinion evidence, the record reflects that the claimants treating physicians have limited him to work that does not require a lot of standing, which the undersigned finds reasonable in consideration of his knee injuries. The undersigned notes that while Dr. Anklesaria opined that the claimant could not walk without the aid of another person or an assistive device and required a handicapped parking permit in February 2005, he stated that the claimant was able to perform translator, administrative and technical duties as well as filing and clerical work in November 2005. Although these statements are not altogether contradictory, the undersigned finds that Dr. Anklesaria's records reflect that the claimant is able to perform at least sedentary work activity.

[R. 22]. The ALJ accurately recounted the record and explained his rationale. The undersigned notes that although Plaintiff often saw Dr. Anklesaria during the relevant time frame, his records make no mention of the need for or use of a cane. The undersigned finds no error resulting from the ALJ's failure to include further restrictions in the RFC beyond the limitation to sedentary work.

**Transferable Skills**

Plaintiff contends the following concerning the findings related to transferable skills:

> The ALJ failed to follow the law as set forth in *Dikeman [v Halter*, 245 F.3d 1182 (10th Cir. 2001)] regarding the transferability of skills, and substantial evidence in the record does not support the transferable skills which was the basis for the ALJ's denial of benefits.

[Dkt. 14, p. 9]. The undersigned disagrees with Plaintiff's contention. The denial of benefits was not based on a finding that Plaintiff had transferable skills. The ALJ's decision was based on the vocational expert's testimony that the job of telephone solicitor is available for one of Plaintiff's age with his education, work experience, and RFC. Although the vocational expert testified that Plaintiff had acquired transferable skills in his past work, there was no testimony that the acquisition of transferable skills were required to perform the semi-skilled job of telephone solicitor. Furthermore, even though the Medical-Vocational Guidelines (Grids) do not direct a decision in this case, the Grids do not require the existence of transferable skills for Plaintiff who was 49 years old at the time of the hearing, who has a high school education, and whose past relevant work includes both semi-skilled and skilled work, [R. 294]. *See* Rule 201.21, 20 C.F.R. Pt. 404, Subpt. P, App. 2. For a claimant of Plaintiff's age, education, and experience, the transferability of skills is, as the ALJ stated, "not material to the determination of disability." [R. 22].

Since the transferability of skills is not material to the disability decision for Plaintiff, the ALJ was not required to follow the dictates of *Dikeman,* which requires specific inquiry, findings, and evidentiary support for a finding that skills acquired in a past job are transferable. The undersigned finds, therefore, that the ALJ's statements concerning the transferability of skills provide no basis for reversal of the denial decision.

## **CONCLUSION**

The undersigned finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The undersigned further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge  RECOMMENDS the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED by the District Court.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b) directs the District Judge to:

> make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b); see also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a  "firm waiver rule" which "provides that the failure to make timely objections to the Magistrate Judge's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the District Court or for appellate review.

SUBMITTED this day 24th day of December, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE