UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SEVERINO R. RODRIGUEZ,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 08-CV-0688-CVE-FHM |
| **MICHAEL J. ASTRUE, Commissioner of the Social Security Administration** | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is the report and recommendation (Dkt. # 20) of Magistrate Judge Frank H. McCarthy. The magistrate judge recommended that the decision of the Commissioner of Social Security ("Commissioner") denying disability benefits to the claimant be affirmed by this Court. Plaintiff objects to the report and recommendation, and requests that the case be remanded to the Social Security Administration ("SSA"). Defendant has not responded to plaintiff's objection.

### I.

Plaintiff Severino R. Rodriguez was born on January 8, 1958, and claims that he is unable to work due to a crush injury to his left foot, bilateral knee injury, and history of seizures. Plaintiff, a high school graduate with the ability to communicate in English, had previously worked as an

order puller, sales clerk,[1] receiver, stock clerk, warehouse worker, and heavy machine operator.[2] Admin. Rec. at 294. In late 2004, plaintiff underwent surgery on each knee. He was released from treatment by Michael Tanner, M.D., in February 2005, with the restriction that he refrain from kneeling, squatting, climbing, and twisting. Id. at 140. At the request of plaintiff's representative,[3] plaintiff was also evaluated by Kenneth R. Trinidad, D.O., who determined that plaintiff had reached maximum recovery on his knees, and would be limited in the future to sedentary work. Id. at 165-67.

In addition to his knee and foot injuries, plaintiff has a seizure disorder and takes medication to control his seizures. Id. at 124. He has been treated by Shashi Husain, M.D., who recommended that plaintiff avoid driving, operating heavy machinery, working at heights, or working near fire. Id. at 175, 178, 227. In addition, plaintiff's family physician, Garuangi Anklesaria, M.D., recommended that plaintiff avoid prolonged standing and climbing. Id. at 195. Finally, plaintiff claims that he also suffers from depression and has trouble sleeping at night.[4] Id. at 292.

---

[1] The administrative law judge ("ALJ") includes "sales clerk" in his finding of plaintiff's past relevant work. Admin. Rec. at 22. However, "sales clerk" is not listed on plaintiff's Work History Report form. See id. at 104. On another form, under a section entitled "Claimant's Work Background," plaintiff states that he worked at Home Depot as "Sale's [sic] Fork-Lift Op." Id. at 120. The ALJ also referred to plaintiff's job as a "retailer," and plaintiff stated that his retail work at Home Depot was "in a store." Id. at 288, 293.

[2] There is also testimony that plaintiff worked at the Oklahoma Department of Human Services translating English to Spanish. However, plaintiff testified that this work was not a job, but part of a program for individuals with permanent disabilities. Id. at 280.

[3] Plaintiff was represented by Herbert Elias, Sr. throughout his proceedings before the SSA, and he obtained new counsel when filing this action for judicial review of denial of disability benefits.

[4] The ALJ noted that he did not find plaintiff's testimony credible as to his depression. Id. at 22.

Plaintiff filed an application for SSA benefits on February 28, 2005.[5] Plaintiff's claims were initially denied on May 17, 2005, and denied again upon reconsideration on November 23, 2005. Plaintiff then requested a hearing on his claim for benefits, which was held on January 22, 2007.

The ALJ determined that plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms . . .," and, because of the "history of injuries to his feet and knees," he would be unable to perform his past relevant work. Id. at 21-22. The ALJ found that plaintiff retained the residual functional capacity ("RFC") to occasionally lift and/or carry 10 pounds and frequently lift and/or carry up to 10 pounds, stand and/or walk for at least 2 hours out of an 8-hour day (with normal breaks), and sit at least 6 hours in an 8-hour day (with normal breaks). Id. at 19. The ALJ also determined that plaintiff should avoid "hazards such as heights and open machinery." Id. The ALJ used the Medical-Vocational Grids ("the Grids") to make an initial determination as to whether plaintiff was disabled. Based on the applicable Grid for sedentary work, a younger individual age 45-49, who graduated from high school, and had previous experience doing skilled or semi-skilled work,[6] would not be disabled. However, the ALJ determined that because of plaintiff's "additional limitations," plaintiff lacked the ability to perform the full range of

---

[5] Plaintiff also filed a protective claim for Supplemental Security Income, which was also denied. Id. at 23-25.

[6] The vocational expert ("VE") classified plaintiff's past relevant work as follows: order puller (unskilled, medium exertion); sales clerk (semi-skilled, light exertion); receiver (unskilled, medium exertion); stock clerk (semi-skilled, heavy exertion); warehouse worker (unskilled, medium exertion); and heavy machinery operator (skilled, medium exertion). Admin. Rec. at 294.

sedentary work.[7] Instead, the ALJ relied on the testimony of Angharad B. Young, a VE, to decide whether jobs exist in the national economy for an individual with plaintiff's RFC, nonexertional limitations, age, education, and work experience. The VE testified that plaintiff would be able to perform the work required of a "telephone solicitor,"[8] a sedentary, semi-skilled, specific vocational provision ("SVP") level three job. Id. at 296-97. According to the VE, there are 3,500 telephone solicitor positions in Oklahoma, and 550,000 positions in the national economy. Id.

Based on plaintiff's RFC and nonexertional limitations, the ALJ held that plaintiff was capable of performing jobs where he would not be required to lift and/or carry 20 pounds and stand and/or walk at least 6 hours in an 8-hour day, and "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Id. at 25. Thus, the ALJ denied plaintiff's claim for disability benefits at step five of the five-step evaluation process. 20 C.F.R. § 404.1520. Plaintiff appealed this decision to the SSA Office of Hearings and Appeals, and the ALJ's decision was affirmed.

---

[7] The ALJ does not explicitly state that these "additional limitations" are nonexertional limitations. However, nonexertional limitations include mental disorders and epilepsy. See Williams v. Bowen, 844 F.3d 748, 752 (10th Cir. 1988). The ALJ found on the record that in addition to plaintiff's injuries to his foot and knees, he has a history of seizures and is required to take precautions for that condition. Id. at 22.

[8] The vocational expert also used the term "telephone sales" to refer to this position. Plaintiff concedes that any difference between the two terms is immaterial. Dkt. # 21, at 5.

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 10 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

**III.**

Plaintiff objects to the magistrate judge's report and recommendation on the issue of transferable skills only. Plaintiff argues that the ALJ failed to follow the law regarding the transferability of skills in making his determination, and the magistrate judge erred by not requiring the ALJ to make a finding of transferability on the record. According to plaintiff, the ALJ should have applied the Tenth Circuit's holding in Dikeman v. Halter, 245 F.3d 1182 (10th Cir. 2001), and made a specific inquiry into plaintiff's acquired skills and the requirements of the job(s) available to him in the national economy, stated those findings, and determined whether substantial evidence exists in the record to support the findings. Instead, the ALJ stated that the "transferability of job skills is not material to the determination of disability." Admin. Rec. at 22-23.

According to the Code of Federal Regulations ("the Regulations"), a finding of disability is warranted for a claimant between the ages of 45 and 49, who is restricted to sedentary work, if he is unskilled or lacks transferable skills. 20 C.F.R. § 404, Subpt. P., App. 2, 201.00(h)(1)(ii).

Although the Grids are not determinative due to plaintiff's nonexertional limitations, it seems that an inquiry into transferable skills is appropriate, if not required, under the Regulations. Furthermore, the record reflects that the VE named only one job in the national economy that plaintiff could perform, and testified that it was a semi-skilled job. It is logical that a semi-skilled job would require skills. See 20 C.F.R. § 404.1568(b) (semi-skilled work is "work which needs some skills"). Thus, if the basis for the ALJ's determination of "not disabled" was that a job existed in the national economy, the ALJ should have first determined whether plaintiff would be able to perform that job. As telephone solicitor is a semi-skilled job, the ALJ needed to establish that plaintiff had the necessary transferable skills. The ALJ erred by assuming that plaintiff had the requisite skill, and by deciding that the existence of transferable skills was not material to the determination of disability.[9]

The Tenth Circuit in Dikeman set forth the requirements for determining whether an individual has transferable skills. An ALJ may find that "a claimant's acquired skills are transferable to other jobs when the skilled or semi-skilled work activities the claimant did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work." Dikeman, 245 F.3d at 1185. The ALJ must specifically identify the skills acquired by plaintiff, as well as the specific occupations to which those skills apply. Id. Neither a job title, nor a "skeleton description" of the claimant's past work is sufficient to determine the skills acquired. Id. (citation omitted). If the claimant has acquired skills through past work, but cannot

---

[9] In the alternative, the ALJ should determine whether there are any unskilled sedentary jobs in the national economy that plaintiff can perform. See Dikeman, 245 F.3d at 1184 ("[T]he ALJ can find that a younger claimant who has a high school education and can perform sedentary work is not disabled even if the only work [he] can perform is unskilled.").

use those skills in other semi-skilled work, the claimant is considered unskilled. See 20 C.F.R. §§ 404.1565(a), 404.1568(d), 416.965(a), 416.968(d). Further, unskilled work produces no transferable skills. See 20 C.F.R. § 404.1568 ("A person does not gain work skills by doing unskilled jobs.").

Despite the ALJ's assertion that transferable skills were not material to his decision, the ALJ made a limited inquiry into plaintiff's transferable skills. At the hearing, the ALJ asked the VE whether any of plaintiff's past work experience would be transferable. Admin. Rec. at 295. The VE testified that plaintiff's previous work as a "sales clerk," would have taught him to communicate with the public about a product, and that skill would be transferable to the position of telephone solicitor. Id. However, nothing in the record indicates that plaintiff was a sales clerk. Rather, plaintiff reported that he worked at a Home Depot store in "retail" and as a "Sale's [sic] Fork-Lift op[erator]." Id. at 120. Plaintiff was not asked to describe his responsibilities at Home Depot, and it is not clear that he communicated with the public or acquired any other skill that would be transferable to telephone sales. The VE had no basis to conclude that plaintiff acquired transferable communication skills. See Dikeman, 245 F.3d at 1187 (requiring specific evidence as to plaintiff's duties in the previous position, and their applicability to the duties required for the position suggested by the VE). Accordingly the ALJ's inquiry into plaintiff's transferable skills was insufficient. In addition, the ALJ did not make a specific finding of transferability, and the record does not contain substantial evidence that plaintiff had acquired transferable skills. The Court remands for the ALJ to further develop the record as to plaintiff's transferable skills, and to reconsider plaintiff's eligibility for benefits in light of any new findings of fact.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 20) is **rejected**. Pursuant to sentence four, 42 U.S.C. § 405(g), the decision of the Commissioner is **reversed** and **remanded** for further proceedings consistent with this opinion. If the Commissioner "failed to apply the correct legal test, there is ground for reversal apart from a lack of substantial evidence." Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citation omitted). The ALJ's decision in this case may ultimately turn out to be correct, and nothing in this order is to be taken to suggest that the Court has presently concluded otherwise. This remand "simply assures that the correct legal standards are invoked in reaching a decision based on the facts of this case." Huston v. Bowers, 838 F.2d 1125, 1132 (10th Cir. 1988).

**DATED** this 5th day of February, 2009.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT